UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 5:12-CV-00997-PAG |
| | JUDGE PATRICIA A. GAUGHAN |
| FAIR FINANCE COMPANY, | |
| Debtor. | Bankruptcy Case No. 10-50494 |
| | Chapter 7 |
| BRIAN A. BASH, CHAPTER 7 TRUSTEE, | |
| | Bankruptcy Adv. Pro. No. 12-05158 |
| Plaintiff, | (Severed from Adv. Pro. No. 11-05020) |
| vs. | JUDGE MARILYN SHEA-STONUM |
| JEFFREY W. OSLER, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SANCTIONS IN THE FORM OF A DEFAULT JUDGMENT AGAINST DEFENDANTS DANA OSLER AND GEIST SPORTS ACADEMY, L.L.C. (DOCKET NO. 22) BE GRANTED**

Currently before the Court is Plaintiff's Motion for Sanctions in the form of a Default Judgment against Defendants Dana Osler and Geist Sports Academy, LLC. (Docket No. 22). For the reasons stated herein, IT IS RECOMMENDED THAT the Motion be GRANTED.

1. On November 27, 2012, this Court issued a Discovery Sanctions Order against Defendants Dana Osler and Geist Sports Academy, LLC (Docket No. 21, hereinafter the "**Sanctions Order**"). The Sanctions Order recounted a litany of discovery-related nonfeasance and malfeasance by the Defendants. Namely, Defendants ignored the Court's Order requiring cooperation with the Trustee's discovery, failed to respond to discovery when due, provided

plainly deficient discovery responses, and did not bother to respond to the Trustee's Motion to Compel and for Sanctions directed to their careless approach to discovery.

2. As a result of the Defendants' conduct, the Trustee has been deprived of information that is "relevant to the … transfers that the Trustee seeks to avoid and recover." (Sanctions Order, Docket No. 21, at ¶ 11).

3. The Sanctions Order required the Defendants, "within 10 calendar days of the date of th[e] Order," to both provide "full and complete discovery responses, including production of all requested documents" and pay the Trustee's Motion for Sanctions fees in "the sum of $11,893.50." (Sanctions Order, Docket No. 21, at 6).

4. Defendants have completely failed to comply with the Court's Sanctions Order. (See Douthett Affidavit, attached as Exhibit A to Plaintiff's Motion, Docket No. 22). They have done so despite the fact that this Court warned them that "absent full and timely compliance," the Court could issue a "further Order or a Report and Recommendation for additional sanctions … including the entry of a default judgment…." (Id.) Therefore, the entry of a default judgment is appropriate.

5. As the Court noted in the Sanctions Order, the circumstances of this case permit the Court to "order all sanctions available under Rule 37." (Id. at ¶ 14). Defendants' disobedience of the Sanctions Order, of course, further buttresses that conclusion. Rule 37(b)(2)(vi) permits the Court to render "a default judgment against the disobedient party," which this Court believes is the appropriate remedy given Defendants' conduct in this case.

6. In assessing sanctions under Rule 37, the Sixth Circuit has directed courts to consider four factors: (a) whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault, (b) whether the adversary was prejudiced by the party's failure to

cooperate in discovery, (c) whether the party was warned that failure to cooperate could lead to the sanction, and (4) whether less drastic sanctions were imposed or considered before dismissal or default was ordered. Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997), cert. denied, 522 U.S. 868 (1997). Each of these factors favors the entry of a default sanction in this case.

7. A party's discovery conduct is willful "whenever there is a conscious and intentional failure to comply...." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). Willful actions in this case include the flagrant disregard of express conditions included in an earlier order of this Court relieving the defendants and their counsel of their default and failure to provide discovery despite a further order compelling the same. It is apparent from the record that Defendants have intentionally disregarded the Court's admonishments, directives and warnings.

8. This ultimate sanction is appropriate. Defendants' discovery defaults have rendered active prosecution of this lawsuit an impossibility. The Trustee cannot proceed with trial preparation unless and until there has been an adequate answer to his interrogatory and document production requests – and it has been approximately *one year* since that discovery was propounded and defendants promised cooperation.

9. There is no question that a warning was given regarding the conduct of discovery and the potential sanction. A $1.2 million dollar default judgment motion was avoided only by the Court's permission for Ms. Osler to proceed with a defense that was expressly conditioned on cooperation with the Trustee's discovery. Bash v. Osler (In re Fair Finance Company), Adv. No. 11-5020, slip op. at 2 (Bankr. N. D. Ohio March 30, 2011)(Order and Memorandum of Pre-Trial Conference Held on March 30, 2011, Docket No. 22). The Court's Sanction Order expressly

warned that all sanctions, including a default judgment, could be utilized if the Defendants failed to comply with the Sanctions Order.

10. Consideration of lesser sanctions is no longer appropriate. The Court's previous order that Ms. Osler cooperate with discovery was tantamount to an Order compelling discovery, and the Sanctions Order expressly compelled the Defendants, to no effect. Consideration of lesser sanctions "is a *factor* in our review, not a *sine qua non*." Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)(emphasis in original). This factor simply asks for a court's "caution *in the absence of contumacious conduct*." Id. (emphasis added). Here, where the Defendants have repeatedly flouted the Court's orders, their conduct is irrefutably contumacious. A default judgment may be imposed. CSX Transp., Inc., 110 F.3d at 368.

11. In rendering a default judgment under Rule 37, all "well-pleaded allegations relating to liability are taken as true." Monea v. Zimmerman (In re: Family Resorts of America, Inc.) 972 F.2d 347, 1992 WL 174539 *4 (6th Cir. July 24, 1992). Thus, the factual allegations in the Trustee's Complaint regarding the Defendants' receipt of the transfers identified in the Complaint, and their fraudulent nature, are treated as true for purposes of this Motion.

12. In a Rule 37 default, the judgment amount is determined by the Court, which has the discretion to hold a hearing or refer the matter to accounting. Id. See also Fed.R.Civ.P. 55(b)(2); Wilver v. Fisher, 387 F.2d 66 (10th Cir. 1967)(Rule 55(b) applicable to default sanctions under Rule 37). When, as here, damages in the case are readily ascertainable by the affidavits and documentary evidence attached thereto, no hearing or referral is needed or required. See, e.g., Hitachi Medical Sys. America, Inc. v. Lubbock Open MRI, Inc., No. 5:09-CV-847, 2010 WL 5129311 *1 (N.D. Ohio Dec. 10, 2010); Home Savings & Loan Co. of

Youngstown, Ohio v. Mackewitz, No. 4:09-CV-1683, 2010 WL 624665 (N.D. Ohio Feb. 18, 2010)(Dowd, J.,).[1]

13.     As detailed in the Affidavit of Howard Klein, attached as Exhibit B to the Trustee's Motion, the Trustee's damages are readily calculable into a sum certain of $308,845.75 against Defendant Dana Osler and $390,825.76 against Defendant Geist Sports Academy, LLC. Moreover, as noted in the Affidavit of Mr. Douthett, attached as Exhibit A to the Trustee's Motion, the Defendants have not satisfied the Court's prior Sanctions Order levying fees in the amount of $11,893.50.

Accordingly, this Court RECOMMENDS that the Trustee's Motion for Sanctions in the form of a Default Judgment be GRANTED. This Court RECOMMENDS that a Default Judgment be entered against Defendant Dana Osler, individually, in the amount of $308,845.75, against Geist Sports Academy, LLC, individually, in the total amount of $390,825.76, and against Defendants Dana Osler and Geist Sports Academy, LLC, jointly and severally, in the amount of $11,893.50; with post-judgment interest on said judgments as specified in 28 U.S.C. § 1961.

---

[1]     The pending Amended Complaint in this case asserts 10 alternative claims for relief against Defendants Dana Osler and Geist Sports Academy, which are found in Counts 2 through 11 of that pleading. Counts 2 through 9 seek to avoid and recover the fraudulent transfers made to these Defendants. Counts 10 and 11 assert equitable claims under unjust enrichment and money-had-and-received theories. The relief sought in the equitable counts, however, is identical to that asserted in the fraudulent transfer claims – the recovery of the transfers made to the Defendants. Thus, all damages sought against these Defendants are readily ascertainable. (See Douthett Affidavit, attached as Exhibit A to Plaintiff's Motion, Docket No. 22).

IT IS SO ORDERED.

_____
Marilyn Shea-Stonum
U.S. Bankruptcy Judge

cc (*via* electronic mail):

Brian A Bash
Kelly Burgan
Breaden M Douthett
Ray Stoess
Jeffrey M. Levinson
United States Trustee